UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Preston Thorpe

    v.                                                       Civil No. 19-cv-1197-JD

Michelle Edmark, Warden
New Hampshire State Prison

### REPORT AND RECOMMENDATION

Petitioner, Preston Thorpe, through counsel, has filed a petition for a writ of habeas corpus (Doc. No. 1) under 28 U.S.C. § 2254, challenging his state conviction and sentence. Before the court is petitioner's response (Doc. No. 3) to this court's June 10, 2020 Order ("June 10 Order") (Doc. No. 2) directing the petitioner to show cause why his petition should not be dismissed in light of Stone v. Powell, 428 U.S. 465, 494 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

The only grounds upon which petitioner seeks relief in his § 2254 petition are Fourth Amendment claims challenging the trial court's denial of his pretrial motion to suppress certain evidence. The New Hampshire Supreme Court affirmed his

conviction, concluding that the "emergency aid" exception to the warrant requirement permitted the warrantless entry into Mr. Thorpe's apartment, and that the police did not unconstitutionally expand the scope of their search.  See State v. Thorpe, No. 2017-0624, 2018 N.H. LEXIS 230, at *5-6, 2018 WL 6217475, at *2 (N.H. Nov. 29, 2018)

Stone stands for the proposition that federal courts cannot generally review Fourth Amendment claims in a § 2254 petition unless the State has failed to provide a "full and fair" opportunity to litigate that claim, or there has been "an irretrievable breakdown in the process provided by the state." Sanna v. Dipaolo, 265 F.3d 1, 8-10 (1st Cir. 2001) (citing Stone, 428 U.S. at 494).

> [A] full and fair opportunity to litigate means that
> the state has made available to defendants a set of
> procedures suitably crafted to test for possible
> Fourth Amendment violations.  So long as a state
> prisoner has had an opportunity to litigate his Fourth
> Amendment claims by means of such a set of procedures,
> a federal habeas court lacks the authority, under
> Stone, to second-guess the accuracy of the state
> court's resolution of those claims.

Sanna, 265 F.3d at 9.  The exception regarding "an irretrievable breakdown in the process provided by the state" is to be applied narrowly and sparingly, and comes into play in cases involving

an "egregious and unconscionable collapse in the machinery of adjudication."  Id. at 9-10.

Here, petitioner does not challenge the general efficacy of New Hampshire procedures nor their effectiveness at testing possible Fourth Amendment violations.  Instead, he challenges the outcome of his motion to suppress in state court, as well as the facts found by the New Hampshire Supreme Court in its review of the motion to suppress on appeal.  Petitioner argues that the New Hampshire Supreme Court's findings were inconsistent with the weight of evidence or the record as a whole.  But a showing that this court could reach another conclusion applying either de novo review or the deferential standard of review under 28 U.S.C. 2254(d), given the record, does not bring petitioner's Fourth Amendment claims within an exception to the rule in Stone.  The federal court must presume the general integrity of state court proceedings.  See Palmigiano v. Houle, 618 F.2d 877, 882 (1st Cir. 1980).

Petitioner has not challenged the efficacy of New Hampshire's process of testing alleged Fourth Amendment violations; nor has he stated facts that could show that the process broke down here.  Insofar as the petition asserts no

other claims of federal constitutional violations, the entire petition is properly dismissed at this time.

### Certificate of Appealability

Rule 11(a) of the § 2254 Rules requires the court denying a § 2254 petition to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." Id. A COA may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484. Here, the district judge should decline to issue a COA, as petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Stone bars further review of petitioner's claims.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the petition in its entirety and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); LR 7.2(d). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

December 14, 2020

cc: Charles J. Keefe, Esq.